J-S29001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELISSA SEMINARA AND CARMELO SEMINARA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3846 EDA 2017 |
| STUART DERSHAW, M.D. JOHN STACK, M.D. HOLY REDEEMER WOMEN'S CARE OF MONTGOMERY COUNTY AND HOLY REDEEMER HOSPITAL AND MEDICAL CENTER. | : | |

Appeal from the Order October 25, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  No. 2014-31546

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                          **FILED AUGUST 31, 2018**

Melissa and Carmelo Seminara appeal *pro se* from the order entered in the Montgomery County Court of Common Pleas, granting summary judgment in favor of Stuart Dershaw, M.D., John Stack, M.D., Holy Redeemer Women's Care of Montgomery County, and Holy Redeemer Hospital and Medical Center (collectively, Appellees). We affirm.

The relevant facts and procedural history of this case are as follows. On December 11, 2003, Mrs. Seminara underwent a cesarean section operation ("C-section") at Holy Redeemer Hospital and Medical Center. Mrs. Seminara consulted with various medical professionals following the surgery, complaining that she "didn't feel normal." The Seminaras' Amended

_____
* Former Justice specially assigned to the Superior Court.

Complaint, filed 7/20/15, at 9. Mrs. Seminara consulted with several doctors about her illness, which she claimed presented symptoms including: "TIA mini strokes, cerebral ischemia, brain injury, seizures, neuropathy, damage and impairment in and to various organs, heart arrhythmias, frequent infections, etc." *Id*., at 13. Mrs. Seminara eventually became convinced her ailments were due to a surgical sponge left inside of her body during her C-section, which doctors were unable to confirm even after several radiological scans and procedures.

On November 26, 2014, the Seminaras filed a *pro se* complaint asking for a judgment of $20,000,000.00 against Appellees, based on the allegation that a surgical sponge was left in Mrs. Seminara's body during the C-section. The Seminaras later filed an amended complaint, alleging negligence against each Appellee based on the alleged failure to remove the sponge following the operation, and for inadequate medical care thereafter. The amended complaint also included Mr. Seminara's loss of consortium claim. The Seminaras also filed identical certificates of merit as to each Appellee, which stated medical expert testimony was not necessary for prosecution of their claims, based on the doctrine of *res ipsa loquitur*.

Appellees filed preliminary objections, which were sustained as to the Seminaras' claims of defamation and wanton conduct. Appellees then filed answers and new matter. Following the discovery deadline, Appellees filed a motion for summary judgment, alleging the Seminaras' claims were barred by the statute of limitations, and that the Seminaras failed to set forth a *prima*

*facie* claim of medical malpractice. The court granted the motion, and dismissed the Seminaras' claims. The Seminaras filed a timely notice of appeal and complied with the dictates of Pa.R.A.P. 1925(b). This appeal is now before us.

The Seminaras primarily argue that material disputed facts exist as to whether the medical providers breached their duty of care. They assert Appellees acted in bad faith by withholding relevant discovery information, and thus sabotaging the Seminaras' claims. Nevertheless, they claim they provided sufficient evidence to show Appellees' negligence, and that under the doctrine of *res ipsa loquitor*, the Seminaras did not need to submit medical expert testimony to support their claims.

The Seminaras also dispute the court's finding that they failed to file their complaint within the statute of limitations. They claim they were unaware until 2012 of the surgical sponge left in Mrs. Seminara's body following her C-section. They request this Court vacate the trial court's order granting Appellees' motion for summary judgment, and remand for a trial. We decline to do so.

We review a challenge to the entry of summary judgment as follows.

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered.

- 3 -

Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Constr. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citations omitted).

The statute of limitations for a medical malpractice action is two years. *See* 42 Pa.C.S.A. § 5524. The discovery rule may toll the statute of limitations where an injury or its cause is not known or reasonably knowable. *See Nicolaou v. Martin*, 153 A.3d 383, 389 (Pa. Super. 2016). However, the discovery rule will only toll the statute of limitations "until a plaintiff could reasonably discover the cause of his injury in cases where the connection between the injury and the conduct of another is not apparent." *Id*. (citations omitted).

The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury.

*Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005) (citation omitted).

A medical malpractice claim sounding in negligence requires proof of the same elements as in an ordinary negligence claim. *K.H. ex rel. H.S. v. Kumar*, 122 A.3d 1080, 1093 (Pa. Super. 2015). "[T]o prevail in a medical

malpractice action, a plaintiff must establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and [that] the damages suffered were a direct result of the harm." *Id*. (citation omitted).

> Our courts have held that because the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson, a medical malpractice plaintiff generally must produce the opinion of a medical expert to demonstrate the elements of his cause of action.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 833 (Pa. Super. 2000) (citation and internal quotation marks omitted).

We have carefully reviewed the parties' briefs, the certified record, the relevant law, and the well-written opinion of the Honorable Richard P. Haaz, and we conclude the Seminaras' claims merit no relief. The trial court, in its February 8, 2018 opinion, thoroughly reviewed the Seminaras' claims presented on appeal. The opinion accurately and comprehensively disposes of those issues, with appropriate references to the record and without legal error. Therefore, we affirm on that basis. *See* Trial Court Opinion, dated 2/8/18, at 1-15.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/31/18

- 5 -